CHARITY HYATT ET AL. V. VICTOR H. LANE, CIRCUIT JUDGE, OF HILLSDALE COUNTY.

APPEAL FROM PROBATE COURT—DISMISSAL OF FOR FAILURE TO FILE TRANSCRIPT IN CIRCUIT COURT.

Relators applied for mandamus to compel the respondent to dismiss an appeal from the allowance of a will, because of the failure of the appellant to file in the circuit court within thirty days after such appeal was taken, the certified transcript required by 3 How. Stat. § 6782 to be filed in said court. An order to show cause was made, and on the hearing on petition and answer the application was denied.

Fellows & Chandler, for relators, contended:

1. That the filing by the appellant of the required transcript before the entry of the motion to dismiss the appeal was not a sufficient defense to said motion; nor does the case of Snyder v. Circuit Judge, 80 Mich. 511, as construed in Merriman v. Circuit Judge, 95 Mich. 277, so hold:

2. That there has been no waiver by relators of the failure of the appellant to file said transcript; that relators appeared specially in the circuit court, for the sole purpose of objecting to its jurisdiction, and moved to dismiss the appeal because of the failure of the appellant to give notice to relators, who were residuary legatees under the will, of the appeal; that it was ordered that the appeal be dismissed unless such notice was given, and said order was affirmed in Strang v. Circuit Judge, 65 N. W. Rep. 968; that as soon as said notice was given this motion was made; that relators were under no obligation to make said motion before receiving such notice; that the case is ruled by Merriman v. Circuit Judge, supra.

Watts, Bean & Smith, for respondent, contended:

1. That it was the duty of relators at the time they made their first motion to give all of their reasons for asking for dismissal of the appeal; that if other grounds existed, not included in said motion, relators waived them by permitting the appellant to incur expense by complying with the order requiring him to give relators notice of said appeal; that upon every principle of fairness and equity they ought to be estopped from now raising the question of the jurisdiction of the circuit court over said appeal.

2. That the whole matter is res judicata, the question as to whether or not the circuit court had jurisdiction in the premises having been before this court in Strang v. Circuit Judge, supra, where it was held that Julia Richmond, the first legatee named in the will, was an adverse party, within the meaning of How. Stat. sec. 6781, which requires the appellant to give notice of the appeal to the adverse party, with his reasons therefor, in such manner as the probate court shall direct; that as to said legatee the appeal was well taken, and the circuit court acquired jurisdiction of the case, which decision cannot now be questioned by relators; citing Weed v. Mirick, 62 Mich. 414.

3. That this motion comes too late, the required papers having been filed before it was entered, and before the entry of the former motion; citing Snyder v. Circuit Judge, 80 Mich. 511.

The facts as established by the petition

and answer were as follows:

1. That relators are residuary legatees under the will, from the allowance of which an appeal was taken, April 22, 1895

2. That none of the papers required by 3 How. Stat. sec. 6782, to be filed in the circuit court were filed until July 9, 1895, at which time all of such papers were filed in said court.

3. That on November 25, 1895, no notice of said appeal having been given to the relators they appeared specially by counsel before said circuit court for the sole purpose as stated of raising the question of the jurisdiction of said court, and moved the court to dismiss said appeal because of the failure of the appellant to give relators notice thereof; that an order was made requiring such notice to be given, and that in default thereof said appeal to be dismissed.

4. That the appellant applied for *mandamus* to set aside said order, which writ was denied for reasons setforth in *Strang v. Circuit Judge*, 65 N. W. Rep. 968.

5. That said notice having been given, relators, on March 9, 1896, moved the circuit court to dismiss said appeal for the reason that the appellant had failed to file in the circuit court within thirty days after taking his appeal, the certified transcript required by 3 How. Stat. sec. 6782, to be filed in said court; that said motion was denied, for the reasons, stated in the answer of the respondent:

*a*—That the motion came too late, said transcript having been filed before said motion was made:

*b*—That it was the duty of the relators when they made their first motion to have given all the reasons upon which they relied for dismissing said appeal, and not doing so, they waived the objection now sought to be raised.

*c.*—That the question as to the jurisdiction of the circuit court over said appeal is *res judicata*, such jurisdiction having been affirmed in *Strang v. Circuit Judge* 65 N. W. Rep. 968.